IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICKY PADILLA, | ) | CIV. NO. 08-00416 SOM-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| JOE P. YOUNG, | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

**ORDER OF DISMISSAL**

On September 12, 2008, pro se Petitioner Ricky Padilla ("Petitioner"), a prisoner incarcerated at the Federal Correctional Institution ("FCI") in Oakdale, Louisiana, filed a document titled "Independent Action," as well as an *in forma pauperis* application. For the following reasons, Petitioner's "Independent Action" is DISMISSED and his *in forma pauperis* application is denied.

A.   Petitioner's "Independent Action" is Dismissed

Petitioner requests that this Court vacate judgment entered against him in the United States District Court for the Western District of Texas pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

It appears to the court that Petitioner is challenging the legality of his conviction or sentence. Although Petitioner seeks relief under Rule 60, generally, a federal prisoner who wishes to challenge the legality of his conviction or sentence

must file a petition under 28 U.S.C. § 2255.  *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (stating that a § 2255 motion is used for challenging the legality of a conviction).  In the alternative, a petitioner who wishes to challenge the manner of execution of his sentence must file a petition under 28 U.S.C. § 2241.  *See Id.*

As Petitioner is attempting to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 or § 2255, this court lacks jurisdiction.  A petitioner must file a § 2241 petition in the district that has jurisdiction over the petitioner's custody. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).  In addition, only the sentencing court has jurisdiction to consider a § 2255 petition.  *See Id.;* 28 U.S.C. § 2255. Petitioner is neither incarcerated in Hawaii nor in the custody of the State of Hawaii Department of Public Safety.  As noted, Petitioner is incarcerated in Louisiana.  The judgment against him was issued by the District Court for the Western District of Texas.

If, as here, Petitioner files a petition in the wrong district, the district court may transfer the petition to the proper district pursuant to 28 U.S.C. § 1631, "if it is in the interest of justice."  *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).  Here, justice is not served through transfer of the Petitioner's action.  As it is unclear to this court whether Petitioner seeks to bring an action under § 2241 or § 2255, this

court cannot determine where this action should be transferred. If Petitioner intended to file a petition under § 2241, the proper jurisdiction is presumably the District Court for the Western District of Louisiana, the jurisdiction within which Petitioner is presently incarcerated.  On the other hand, if Petitioner sought to file a petition under § 2255, the proper jurisdiction is the District Court for the Western District of Texas, which is the court that handed down the sentence Petitioner apparently seeks to challenge.

As it is unclear which jurisdiction is proper for transfer, justice is not served through transfer of the Petitioner's action.  Accordingly, Petitioner's action is **DISMISSED** without leave to amend.

    B.    <u>Petitioner's *In Forma Pauperis* Application Is Denied</u>

Petitioner's *in forma pauperis* application does not comply with the requirements of 28 U.S.C. § 1915.  Petitioner's application does not include a signed certificate from the prison attesting to the current status of his prison account. *See* 28 U.S.C. § 1915(a)(2).  More importantly, as Petitioner's action is dismissed without leave to amend, Petitioner's *in forma pauperis* application is moot.  Accordingly, Petitioner's *in forma pauperis* application is DENIED as both incomplete and mooted by dismissal of this action.

CONCLUSION

IT IS HEREBY ORDERED that:

1. This action is **DISMISSED** for lack of jurisdiction. This dismissal is without prejudice, but without leave to amend (in other words, Petitioner is not given leave to amend in the District of Hawaii, although he may file a new petition in the proper jurisdiction, as set forth above).

2. Petitioner's *in forma pauperis* application is **DENIED** without prejudice, but without leave to amend.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 16, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Padilla v. Young*, Civ. No. 08-00416 SOM; ORDER OF DISMISSAL; hmg\Screening Orders 08\Padilla 08-416 SOM (dsm no jurs)