IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICKY PADILLA, | ) | CIV. NO. 08-00416 SOM-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| JOE P. YOUNG, | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On September 26, 2008, pro se Petitioner Ricky Padilla ("Petitioner") filed a letter addressed to the Clerk of Court. (Doc. No. 6.) The court liberally construes Petitioner's letter as a Motion for Reconsideration ("Motion"). Petitioner seeks reconsideration of the court's September 16, 2008, Order of Dismissal, in which the court dismissed Petitioner's action for lack of jurisdiction and denied his *in forma pauperis* application. (Doc. No. 4.) Petitioner's Motion is wholly without merit and is DENIED.

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60

F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Petitioner argues that this court has jurisdiction over his action because it is an "independent action" under Rule 60 of the Federal Rules of Civil Procedure.  Regardless of the title Petitioner gives his action, he is challenging the legality of his conviction or sentence through a petition for writ of habeas corpus.  This court has informed Petitioner that it lacks jurisdiction to hear his petition regardless of whether it is filed under 28 U.S.C. § 2254 or § 2241.

In addition, Petitioner states that the court should grant his *in forma pauperis* request because he submitted a computer printout of his prison account, thereby fulfilling the

requirement under 28 U.S.C. § 1915(a)(2), that his application include a signed certificate from the prison attesting to the current status of his prison account.  Petitioner argues that because he must obtain the computer printout from a prison official, he effectively provided a signed copy of his prison account.  Petitioner is wrong.

Petitioner has neither shown any reason that the court should reconsider its previous Order nor set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Petitioner has failed to demonstrate an intervening change in the law, new evidence, or a need to correct an error to prevent manifest injustice to convince this court to reconsider its decision.  Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 15, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Padilla v. Young*, Civ. No. 08-00416 SOM; ORDER DENYING MOTION FOR RECONSIDERATION; hmg\Reconsideration\Padilla 08-00416 SOM (dny recon)